# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

In re: CHRIS JOHNSON,

Movant.

No. 07-1475
(D.C. No. 07-cv-02095-BNB)
(D. Colo.)

ORDER
Filed January 2, 2008

Before **MURPHY**, **HARTZ** and **McCONNELL**, Circuit Judges.

Chris Johnson, a state prisoner proceeding pro se, filed a 28 U.S.C. § 2254 application for federal habeas relief in the district court, which that court construed as a second or successive habeas application and transferred here under 28 U.S.C. § 1631, *see Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). Mr. Johnson has filed two motions with this court: one seeking remand to the district court for a merits determination on his habeas application, and one seeking authorization to file a second or successive habeas application. We deny both motions.

Mr. Johnson was convicted in Arapahoe County Court in case number 89-CR-617 of one count each of second degree burglary, theft, first degree aggravated motor vehicle, and two counts of being a habitual criminal. In 1992,

the Colorado Court of Appeals reversed the habitual criminal counts, but affirmed Mr. Johnson's convictions on the other counts. The Colorado Supreme Court denied Mr. Johnson's petition for a writ of certiorari. In 1996, Mr. Johnson filed a § 2254 application challenging his convictions, which the district court dismissed with prejudice. Mr. Johnson appealed the dismissal of his habeas application, but this court denied his request for a certificate of appealability and dismissed the appeal. In October 2007, Mr. Johnson filed his second § 2254 habeas application, which is the subject of these proceedings. The district court transferred the application to this court because Mr. Johnson had not sought authorization to file a second or successive habeas application.

In his motion for remand, Mr. Johnson acknowledges that he previously filed a habeas application, but he argues that he is entitled to remand because the district court failed to address part of one of the claims that he presented in his previous application.[1] Mr. Johnson's current § 2254 habeas application states that it is attacking the same conviction that he had previously challenged in his 1996 habeas application. *See* 2007 Habeas Application at 1-4. Because that 1996 habeas application was resolved on the merits, the district court properly transferred Mr. Johnson's 2007 habeas application to this court in order for

---

[1] We have recognized that a challenge to the integrity of an earlier habeas proceeding– such as a claim that the district court failed to address one of the claims raised in the prior habeas application– can be brought as a Fed. R. Civ. P. 60(b) motion, *see United States v. Peach*, 468 F.3d 1269, 1271-72 (10th Cir. 2006), but Mr. Johnson did not file such a motion in the district court.

Mr. Johnson to seek authorization to file a second or successive habeas application. *See generally Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice."). Accordingly, we deny the motion for remand.

Mr. Johnson seeks to raise three claims for relief in his second habeas application. For his first claim, he asserts that his conviction was obtained by a document that is either defective or violates the state statute of limitations. He admits in his motion for authorization, however, that this claim was presented in a previous application, although he argues that it has never been addressed by any court. The relevant statutory provision reads: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1) (emphasis added). Because his claim was presented in a previous application, it falls within the plain language of the statute. Even if we were to conclude based on his argument that his claim was not actually presented for the purposes of § 2244(b)(1), he would not be entitled to authorization under 28 U.S.C. § 2244(b)(2). He acknowledges that the claim does not rely on newly discovered evidence so he cannot meet the requirements of § 2244(b)(2)(B). He then admits that his claim does not rely on a

new rule of law as expressed in § 2244(b)(2)(A),[2] although he argues that a rule is needed because his case presents an issue of first impression. Because Mr. Johnson's first claim does not meet the requirements in § 2244(b)(1) or § 2244(b)(2), he is not entitled to authorization on that claim.

For his second claim, Mr. Johnson argues that his sentence is illegal, but he concedes that this claim does not rely on a new rule of law or newly discovered evidence. For his third claim, he contends that he was denied effective assistance of counsel. He states that he has newly discovered evidence of a witness that his attorney hid from him. He does not offer any explanation, however, as to why the "factual predicate for this claim could not have been discovered previously through the exercise of due diligence," *see* § 2244(b)(2)(B)(I), nor does he articulate how "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *see id.* § 2244(b)(2)(B)(ii). Because Mr. Johnson has not met the requirements under § 2244(b)(2)(B) for his second or third claims, he is not entitled to authorization for those claims.

Mr. Johnson's motion for remand is DENIED. Mr. Johnson's motion for authorization to file a second or successive § 2254 application is DENIED, and

---

[2] Section 2244(b)(2)(A) allows for authorization when "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."

the matter is DISMISSED. The denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk